■ In the Matter of the Claim of ISRAEL BARASH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 18, 1973, which affirmed the decision of the Referee and sustained the initial determination of the Industrial Commissioner, disqualifying claimant from receiving benefits, effective June 27, 1972, because he voluntarily left his employment without good cause. The Referee found that claimant was an employee of the United States Postal Service from 1927 until June 26, 1972, when he retired in response to a management request made during a reduction in force. That request took the form of a memorandum from the Postmaster General to all eligible employees stating that, in view of the reorganization of the post office, any eligible employee who desired to retire could do so, and that if such resignation was effective on or before June 30, 1972, the employee would receive a 4.8% cost of living increase in his retirement annuity. When presented with almost identical situations, this court has held that claimants were entitled to benefits, the rationale being that "an employee who co-operates with the objective of reducing the number of employees by resignation, should be entitled to the same benefits as those who lost the position by a reduction in force, or by abolishment of their position." (*Matter of Sier* [*Levine*], 42 A D 2d 207, 210.) The Referee made findings of fact prior to our decision in *Sier* and its progeny, which findings were affirmed by the board, indicating additional "reasons" for claimant's retirement. However, these findings can have no

bearing upon the result, since it is clear that they do not demonstrate a motive on claimant's part which would be inconsistent with his desire to co-operate with the employer's objective of reducing the work force by accepting early retirement. Claimant is, therefore, clearly entitled to benefits under the guidelines laid down by us. (*Matter of Sier* [*Levine*], *supra; Matter of Fisher* [*Levine*], 43 A D 2d 753.) Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.